NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERI E. MCPHAUL,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>          Defendant. | Civil Action No.: 09-3207  (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on Plaintiff's motion for attorney's fees filed on November 24, 2010.  The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth below, Plaintiff's motion is denied.

**I.      BACKGROUND**

Plaintiff brought this action to challenge the final decision of the Commissioner that she was not entitled to disability insurance benefits and was not eligible for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Although Plaintiff was disabled, her alcohol abuse was found to be a contributing factor material to the determination of her disability.  The Commissioner found that absent alcohol abuse, plaintiff could perform her

past relevant work. Thus, Plaintiff was not entitled to cash benefits. See 42 U.S.C. § 423(d)(2)(C); 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935.

Plaintiff challenged only two aspects of the Commissioner's decision. First Plaintiff contended that the ALJ erred in determining whether substance abuse was a contributing factor material to the finding of disability and in maintaining that Plaintiff assumed the burden on this issue. Second, Plaintiff argued that the ALJ was required to, but did not use a vocational expert at step five to determine the extent of Plaintiff's non-exertional disability and failed to explain his reason for not using such an expert.

On September 29, 2010, this Court issued an Opinion and Order finding that substantial evidence supported the Commissioner's determination that Plaintiff's alcohol abuse was a contributing factor material to the disability, and remanded the matter due to the "ALJ's failure to use a vocational expert at step five of the evaluation." See Opinion and Order ("Op.") at 1, 12-13. The Commissioner filed a motion to alter or amend the Court's Order pursuant to Fed. R. Civ. P. 59(e). The Commissioner maintained that this Court's order remanding the case so that a vocational expert be used should be vacated because the ALJ determined at step four that, if Plaintiff was not abusing alcohol, she would in fact be able to perform her past relevant work as a customer service representative. Commissioner argues that since the ALJ found that Plaintiff could perform her past work at the fourth step of the sequential evaluation, he did not need to reach step five. Accordingly, the Commissioner asserted that the ALJ did not need to obtain the testimony of a vocational expert.

On December 2, 2010, this Court issued an Order denying the Commissioner's 59(e) motion to alter or amend because it was untimely. This Court stated that the District of New

Jersey's Local Rule 7.1(i) creates a procedure for filing motions for reconsideration, and requires service and filing to be completed within 14 days of the Court's Order, and not 28 days as delineated by Rule 59(e).  On December 20, 2010, the agency held an administrative hearing in connection with Plaintiff's claim and a vocational expert testified.  As of the writing of this opinion, the ALJ has yet to issue a decision from this hearing.

Thereafter, on November 2, 2010, Plaintiff filed the instant motion for fees.

## II.     LEGAL STANDARD

The Equal Access to Justice Act, 28 U.S.C. 2412(d) provides in relevant part, that a Court shall award reasonable attorney's fees to a prevailing party in any civil action against the united States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The EAJA provides in pertinent part that:

> Whether or not the position of the United States is substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the action is based) which is made in the civil action for which the fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

## III.    DISCUSSION

The burden is on the government to establish that its position was substantially justified. National Resources Defense Council, Inc. v. U.S.E.P.A., 703 F.2d 700, 712 (3d Cir. 1983).  The Supreme Court has held that the Government is substantially justified when its position is "justified in substance or the main - that is, justified to a degree that could satisfy a reasonable

person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In so holding, the Supreme Court has recognized that:

> a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

Pierce, 487 U.S. at 566, n.2. Thus, the government must establish three things in order to meet its burden that its position was substantially justified and defeat the prevailing party's application for fees under the EAJA: (1) reasonable basis in truth for facts alleged; (2) reasonable basis in law for the theory it compounded; and (3) a reasonable connection between facts alleged and the legal theory advanced. Cruz v. Comm'r of Social Sec., 2010 WL 4146163 at *2 (3d Cir. Oct. 22, 2010) (citing Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1998). A Court cannot assume that the government's positions was not substantially justified simply because the government lost on the merits. Morgan, 142 F.3d at 685.

In the instant case, this Court only remanded this case for further review because of the "ALJ's failure to use a vocational expert at step five of the evaluation." Op. at 1, 12-13. However, the ALJ made his decision regarding Plaintiff's entitlement benefits at step four, finding that Plaintiff could perform her past relevant work but for her alcoholism. Id. This Court affirmed the ALJ's evaluation of the medical evidence and Plaintiff's credibility in its entirety. Id. The ALJ's findings, and affirmation of such, up until step five indicate that the Government was substantially justified in its position.

This is not a case where "the government's legal position clearly offends established precedent." See Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1985). In remanding this matter to the ALJ for the testimony of a vocational expert, this Court was attempting to preserve

the review process as dictated by the Social Security Act for future matters. It was not, as Plaintiff might argue, evidence of this Court's belief that Plaintiff was so clearly entitled to benefits as would render the government's position unjustifiable. Rather, the affirmation of the ALJ's findings up until step four, at which point the ALJ denied Plaintiff benefits, demonstrates that clearly that government's position is justifiable.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees is denied in its entirety. An appropriate order accompanies this opinion.

DATED: February 23, 2011

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE