**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERI E. MCPHAUL,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>     Defendant. | Civil Action No.: 09-3207  (JLL)<br><br>    **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's Opinion and Order dated February 23, 2011 denying Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set for below, Plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

Plaintiff initiated this action challenging the decision of the Commissioner that she was not entitled to disability insurance benefits and was not eligible for Supplemental Security Income ("SSI"). The Commissioner determined that although Plaintiff was disabled, absent her alcohol abuse, Plaintiff could perform her past relevant work. Thus, Plaintiff was not entitled to

cash benefits.  See 42 U.S.C. § 423(d)(2)(C); 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935.

On September 29, 2010, this Court issued an Opinion and Order finding that substantial evidence supports the Commissioner's determination that Plaintiff's alcohol abuse was a contributing factor material to the disability, but remanded this case solely because of the ALJ's failure to use a vocational expert at step five of the evaluation.  On November 1, 2010, the Commissioner filed a Rule 59(e) motion to alter this Court's September 29th Opinion and Order, but on December 2, 2010 this Court denied it as untimely because it was not filed within 14 days of the entry of the Order as required by Local Rule 7.1.  On December 15, 2010, the Commissioner filed a motion for reconsideration of the Court's December 2, 2010 order, but ultimately withdrew it because this case had already been remanded and was thus moot.  On remand, the ALJ issued a partially favorable decision finding that Plaintiff was only disabled beginning June 20, 2007 (her 50th birthday), but not since March 15, 2002 as Plaintiff alleged.

On November 24, 2010 Plaintiff filed a motion for attorney's fees under the EAJA.  On February 23, 2011, this Court denied Plaintiff's motion for attorney's fees under the EAJA because the Commissioner was substantially justified in defending the action on appeal.  Plaintiff now files this motion for reconsideration of the Court's February 23, 2011 order denying Plaintiff's motion for attorney's fees.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005).  A motion for

2

reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(I). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). The Court will reconsider a prior order only where a different outcome is justified by: (1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice ("reconsideration elements"). N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

## III.   ANALYSIS

Plaintiff contends that this Court denial of attorneys fees was "issued on the basis of both legal and factual error." Plaintiff's Letter Memorandum, ("Pl. Brief") at 1. Namely, that this Court incorrectly found that the government was substantially justified in its litigation position because "everything that [P]laintiff argued in her moving brief was and is correct . . [and] everything that the government argued in their brief . . . was absolutely wrong." Pl. Brief at 2. Plaintiff premises this argument on a partially favorable decision that was issued by a different ALJ subsequent to this Court's September 29, 2010 Opinion and Order. Essentially, Plaintiff argues that the new ALJ findings — that Plaintiff had no past relevant work and that she is disabled, although beginning on a later onset date than Plaintiff contends — is proof that the

government was not substantially justified in its litigation position.[1]  However, this argument is misguided.

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 564 (1988).  While these new findings may be "new evidence" for purposes of reconsidering the underlying merits of the claim — i.e. whether or not Plaintiff is or was disabled —  they do not change the fact that given what the government knew at the time it pursued this action, its position was substantially justified. Notably, at the first administrative hearing, Plaintiff never claimed that she had no past relevant work or that she only worked part-time, even when asked about her prior work by the ALJ. Further, in a report made in connection with her application for benefits, Plaintiff stated that she worked a full five days a week, and eight hours a day as a customer service representative.  It was not until the latter administrative proceeding that the ALJ determined that Plaintiff only ever held a series of part-time jobs.

Plaintiff now attempts to retroactively impute knowledge of the latter ALJ's findings on the government despite the fact that Plaintiff is the one who misrepresented her work history at the initial hearing.  That which Plaintiff has deemed "new evidence," is essentially nothing more than recanted testimony.  New evidence, for purposes of a motion for reconsideration of a denial of attorneys fees, would need to demonstrate that given what the government knew at the time it pursued this action it was not justified in doing so.  It would also need to have been unavailable at the time of the initial proceeding.  As the information on which the latter ALJ based her

---

[1] The Court notes that the new ALJ's decision is not itself the new evidence, but rather only the new facts that underlie the new decision constitute evidence.  See Allen v. Comm'n Soc. Sec., 561 F.3d 646, 652 (6th Cir. 2009).

4

decision —that Plaintiff only ever worked a series of part-time jobs — was derived from Plaintiff's personal knowledge of her own work history, it is clear that this information was available and purposely withheld during the initial proceeding.  Thus, at best, these new findings only serve to preclude the government from further pursuing this action, but do not undermine their past justifications for doing so.

Even if the second ALJ made different findings based on the exact same set of facts that were presented to the first ALJ, that is not necessarily proof that the government was not substantially justified in its position.  Substantial justification is measured by a reasonable person's standard.  Since reasonable people can differ, it is plausible that two ALJs could review the same evidence and make different findings, yet both decisions could have a reasonable basis in law and fact.

Lastly, the Court notes that Plaintiff's stated intention to appeal the new ALJ's decision substantially undermines her arguments in the instant motion.  In appealing this decision, Plaintiff highlights that the new ALJ's decision is only partially favorable, i.e. to some extent, the new ALJ agreed with the government.  As such, Plaintiff has conceded that a reasonable person could be satisfied by the government's litigation position and was thus substantially justified in pursuing this action.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of this Court's February 23, 2011 order denying Plaintiff's motion for attorney's fees is denied.  An appropriate order accompanies this opinion.

DATED: April 12, 2011

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE